# United States District Court
## District of Maine

U.S. DISTRICT COURT
DISTRICT OF MAINE
PORTLAND
RECEIVED & FILED

2019 JUN 28 A 11: 19

DEPUTY CLERK

UNITED STATES OF AMERICA

v.

ISAAC SUERO
also known as
HENNY

**JUDGMENT IN A CRIMINAL CASE**

Case Number: 2:18-cr-00103-NT-001

USM Number: 13396-036

David R. Beneman, Esq.
Defendant's Attorney

**THE DEFENDANT:**

☒ pleaded guilty to count Two of the Indictment
☐ pleaded nolo contendere to count(s) _____ which was accepted by the court.
☐ was found guilty on count(s) _____ after a plea of not guilty.

**The defendant is adjudicated guilty of these offenses:**

| Title & Section | Nature of Offense | Offense Ended | Count |
|---|---|---|---|
| 18 U.S.C. § 1594(c) | Conspiracy to Commit Sex Trafficking of a Minor | April 23, 2017 | Two |

The defendant is sentenced as provided in pages 2 through 7 of this judgment. The sentence is imposed pursuant to the Sentencing Reform Act of 1984.

☐ The defendant has been found not guilty on count(s) _____.
☒ Count One of the Indictment ☒ is ☐ are dismissed on the motion of the United States.

It is ordered that the defendant must notify the United States attorney for this district within 30 days of any change of name, residence, or mailing address until all fines, restitution, costs, and special assessments imposed by this judgment are fully paid. If ordered to pay restitution, the defendant shall notify the court and United States attorney of material changes in economic circumstances.

June 27, 2019
Date of Imposition of Judgment

Signature of Judge

Nancy Torresen, U.S. District Judge
Name and Title of Judge

6/27/2019
Date Signed

AO 245B (Rev. 02/18) Judgment in a Criminal Case
Sheet 2 – Imprisonment

Judgment—Page 2 of 7

DEFENDANT: ISAAC SUERO also known as HENNY
CASE NUMBER: 2:18-cr-00103-NT-001

## IMPRISONMENT

The defendant is hereby committed to the custody of the Federal Bureau of Prisons to be imprisoned for a total term of <u>108 months.</u>

☒ The court makes the following recommendations to the Bureau of Prisons:
The defendant shall enroll in the 500 Hour Comprehensive Residential Drug and Alcohol Treatment Program. The court also recommends the defendant for placement at FCI Berlin to facilitate family visitation.

☒ The defendant is remanded to the custody of the United States Marshal.

☐ The defendant shall surrender to the United States Marshal for this district:
    ☐ at _____ ☐ a.m. ☐ p.m. on _____.
    ☐ as notified by the United States Marshal.

☐ The defendant shall surrender for service of sentence at the institution designated by the Bureau of Prisons.
    ☐ before 2 p.m. on _____.
    ☐ as notified by the United States Marshal.
    ☐ as notified by the Probation or Pretrial Services Office.

## RETURN

I have executed this judgment as follows:

_____
_____
_____

Defendant delivered on _____ to _____
a _____, with a certified copy of this judgment.

                                                  UNITED STATES MARSHAL

                                      By _____
                                                 DEPUTY UNITED STATES MARSHAL

AO 245B  (Rev. 02/18) Judgment in a Criminal Case
Sheet 3 – Supervised Release

Judgment—Page 3 of 7

DEFENDANT: ISAAC SUERO also known as HENNY
CASE NUMBER: 2:18-cr-00103-NT-001

## SUPERVISED RELEASE

Upon release from imprisonment, you will be on supervised release for a term of <u>5 years.</u>

## MANDATORY CONDITIONS

1. You must not commit another federal, state or local crime.

2. You must not unlawfully possess a controlled substance.

3. You must refrain from any unlawful use of a controlled substance. You must submit to one drug test within 15 days of release from imprisonment and at least two additional drug tests during the term of supervision, but not more than 120 drug tests per year thereafter, as directed by the probation officer.
   ☐ The above drug testing condition is suspended, based on the court's determination that you pose a low risk of future substance abuse. *(check if applicable)*

4. ☒ You must make restitution in accordance with 18 U.S.C. §§ 3663 and 3663A or any other statute authorizing a sentence of restitution. *(check if applicable)*

5. ☒ You must cooperate in the collection of DNA as directed by the probation officer. *(check if applicable)*

6. ☐ You must comply with the requirements of the Sex Offender Registration and Notification Act (34 U.S.C. § 20901, *et seq.*) as directed by the probation officer, the Bureau of Prisons, or any state sex offender registration agency in which you reside, work, are a student, or were convicted of a qualifying offense. *(check if applicable)*

7. ☐ You must participate in an approved program for domestic violence. *(check if applicable)*

If this judgment imposes a fine or restitution, it is a condition of supervised release that the defendant pay in accordance with the Schedule of Payments of this judgment.

You must comply with the standard conditions that have been adopted by this court as well as with any other conditions on the attached page.

DEFENDANT: ISAAC SUERO also known as HENNY
CASE NUMBER: 2:18-cr-00103-NT-001

# STANDARD CONDITIONS OF SUPERVISION

As part of your supervised release, you must comply with the following standard conditions of supervision. These conditions are imposed because they establish the basic expectations for your behavior while on supervision and identify the minimum tools needed by probation officers to keep informed, report to the court about, and bring about improvements in your conduct and condition.

1. You must report to the probation office in the federal judicial district where you are authorized to reside within 72 hours of your release from imprisonment, unless the probation officer instructs you to report to a different probation office or within a different time frame.
2. After initially reporting to the probation office, you will receive instructions from the court or the probation officer about how and when you must report to the probation officer, and you must report to the probation officer as instructed.
3. You must not knowingly leave the federal judicial district where you are authorized to reside without first getting permission from the court or the probation officer.
4. You must answer truthfully the questions asked by your probation officer.
5. You must live at a place approved by the probation officer. If you plan to change where you live or anything about your living arrangements (such as the people you live with), you must notify the probation officer at least 10 days before the change. If notifying the probation officer in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
6. You must allow the probation officer to visit you at any time at your home or elsewhere, and you must permit the probation officer to take any items prohibited by the conditions of your supervision that he or she observes in plain view.
7. You must work full time (at least 30 hours per week) at a lawful type of employment, unless the probation officer excuses you from doing so. If you do not have full-time employment you must try to find full-time employment, unless the probation officer excuses you from doing so. If you plan to change where you work or anything about your work (such as your position or your job responsibilities), you must notify the probation officer at least 10 days before the change. If notifying the probation officer at least 10 days in advance is not possible due to unanticipated circumstances, you must notify the probation officer within 72 hours of becoming aware of a change or expected change.
8. You must not communicate or interact with someone you know is engaged in criminal activity. If you know someone has been convicted of a felony, you must not knowingly communicate or interact with that person without first getting the permission of the probation officer.
9. If you are arrested or questioned by a law enforcement officer, you must notify the probation officer within 72 hours.
10. You must not own, possess, or have access to a firearm, ammunition, destructive device, or dangerous weapon (i.e., anything that was designed, or was modified for, the specific purpose of causing bodily injury or death to another person such as nunchakus or tasers).
11. You must not act or make any agreement with a law enforcement agency to act as a confidential human source or informant without first getting the permission of the court.
12. If the probation officer determines that you pose a risk to another person (including an organization), the probation officer may require you to notify the person about the risk and you must comply with that instruction. The probation officer may contact the person and confirm that you have notified the person about the risk.
13. You must follow the instructions of the probation officer related to the conditions of supervision.

**U.S. Probation Office Use Only**

A U.S. probation officer has instructed me on the conditions specified by the court and has provided me with a written copy of this judgment containing these conditions. For further information regarding these conditions, see *Overview of Probation and Supervised Release Conditions*, available at: www.uscourts.gov.

Defendant's Signature _____ Date _____

AO 245B  (Rev. 02/18) Judgment in a Criminal Case
      Sheet 3D — Supervised Release

Judgment—Page 5 of 7

DEFENDANT:    ISAAC SUERO
              also known as
              HENNY
CASE NUMBER:  2:18-cr-00103-NT-001

## SPECIAL CONDITIONS OF SUPERVISION

1. The defendant shall participate in workforce development programs and services as directed by the supervising officer, and, if not employed, shall perform up to 20 hours of community service per week. Workforce development programming may include assessment and testing; educational instructions; training classes; career guidance; and job search and retention services;

2. Defendant shall not use or possess any controlled substance, alcohol or other intoxicant; and shall participate in a program of drug and alcohol abuse therapy to the supervising officer's satisfaction. Defendant shall pay/co-pay for services during such treatment to the supervising officer's satisfaction. Defendant shall not obstruct or tamper, or try to obstruct or tamper, in any way, with any tests;

3. A United States probation officer may conduct a search of the defendant and of anything the defendant owns, uses, or possesses if the officer reasonably suspects that the defendant has violated a condition of supervised release and reasonably suspects that evidence of the violation will be found in the areas to be searched. Searches must be conducted at a reasonable time and in a reasonable manner. Failure to submit to a search may be grounds for revocation of release;

4) The defendant shall participate in mental health treatment, to include anger management, as directed by the supervising officer, until released from the program by the supervising officer. Defendant shall pay/co-pay for services during such treatment, to the supervising officer's satisfaction;

5. You must not communicate, or otherwise interact, with AH, either directly or through someone else, without first obtaining the permission of the probation officer;

6. The defendant shall not associate, or have verbal, written, telephonic or electronic communication, with persons under the age of eighteen, except in the presence of a responsible adult who is aware of the nature of the defendant's background and current offense, and who has been approved by the probation officer. This restriction does not extend to incidental contact during ordinary daily activities in public places;

7. Defendant shall participate and comply with the requirements of the Computer and Internet Monitoring Program (which may include partial or full restriction of computer(s), internet/intranet, and/or internet-capable devices), and shall pay for services, directly to the monitoring company. The defendant shall submit to periodic or random unannounced searches of his/her computer(s), storage media, and/or other electronic or internet-capable device(s) performed by the probation officer. This may include the retrieval and copying of any prohibited data. Or, if warranted, the removal of such system(s) for the purpose of conducting a more comprehensive search; and,

8. Defendant shall fully participate in sex offender treatment as directed by the supervising officer. Defendant shall pay/copay for services during such treatment to the supervising officer's satisfaction. He/she shall abide by all policies and procedures of that program; and,

9. Defendant shall submit to periodic random polygraph examinations as directed by the probation officer to assist in treatment and/or case planning related to behaviors potentially associated with sex offense conduct. No violation proceedings will arise solely on the defendant failure to pass a polygraph examination, or on the defendant refusal to answer polygraph questions based on 5th amendment grounds. Such an event could, however, generate a separate investigation. Defendant shall pay/co-pay for such services to the supervising officer satisfaction.

AO 245B  (Rev. 02/18) Judgment in a Criminal Case
Sheet 5 – Criminal Monetary Penalties

Judgment—Page 6 of 7

DEFENDANT: ISAAC SUERO also known as HENNY
CASE NUMBER: 2:18-cr-00103-NT-001

# CRIMINAL MONETARY PENALTIES

The defendant must pay the total criminal monetary penalties under the schedule of payments on Sheet 6.

| Count | Assessment | JVTA Assessment* | Fine | Restitution |
|---|---|---|---|---|
| Two | $100.00 | | $0 | $750.00 |

☐ The determination of restitution is deferred until          . An *Amended Judgment in a Criminal Case (AO 245C)* will be entered after such determination.

☒ The defendant must make restitution (including community restitution) to the following payees in the amount listed below.

If the defendant makes a partial payment, each payee shall receive an approximately proportioned payment, unless specified otherwise in the priority order or percentage payment column below. However, pursuant to 18 U.S.C. § 3664(i), all nonfederal victims must be paid before the United States is paid.

| Name of Payee | Total Loss** | Restitution Ordered | Priority or Percentage |
|---|---|---|---|
| A.H. Victim 1 | | $750.00 | |
| **TOTALS** | | $750.00 | |

☐ Restitution amount ordered pursuant to plea agreement  $

☐ The defendant must pay interest on restitution and a fine of more than $2,500, unless the restitution or fine is paid in full before the fifteenth day after the date of the judgment, pursuant to 18 U.S.C. § 3612(f). All of the payment options on Sheet 6 may be subject to penalties for delinquency and default, pursuant to 18 U.S.C. § 3612(g).

☒ The court determined that the defendant does not have the ability to pay interest and it is ordered that:

    ☒ the interest requirement is waived for the   ☐ fine   ☒ restitution.

    ☐ the interest requirement for the   ☐ fine   ☐ restitution is modified as follows:

\* Justice for Victims of Trafficking Act of 2015, Pub. L. No. 114-22.
\*\* Findings for the total amount of losses are required under Chapters 109A, 110, 110A, and 113A of Title 18 for offenses committed on or after September 13, 1994, but before April 23, 1996.

AO 245B  (Rev. 02/18) Judgment in a Criminal Case
Sheet 6 – Schedule of Payments

Judgment—Page  7  of  7

DEFENDANT: ISAAC SUERO also known as HENNY
CASE NUMBER: 2:18-cr-00103-NT-001

# SCHEDULE OF PAYMENTS

Having assessed the defendant's ability to pay, payment of the total criminal monetary penalties are due as follows:

**A**  ☒  Lump sum payment of $850.00 due immediately, balance due

☒  Any amount that the defendant is unable to pay now is due and payable during the term of incarceration. Upon release from incarceration, any remaining balance shall be paid in monthly installments, to be initially determined in amount by the supervising officer. Said payments are to be made during the period of supervised release, subject always to review by the sentencing judge on request, by either the defendant or the government.

☐  not later than                    , or
☐  in accordance with    ☐ C,    ☐ D,    ☐ E, or ☐ F below; or

**B**  ☐  Payment to begin immediately (may be combined with    ☐ C,    ☐ D, or  ☐ F below); or

**C**  ☐  Payment in equal            (e.g., weekly, monthly, quarterly) installments of $         over a period of            (e.g., months or years), to commence         (e.g., 30 or 60 days) after the date of this judgment; or

**D**  ☐  Payment in equal            (e.g., weekly, monthly, quarterly) installments of $         over a period of            (e.g., months or years), to commence         (e.g., 30 or 60 days) after release from imprisonment to a term of supervision; or

**E**  ☐  Payment during the term of supervised release will commence within         (e.g., 30 or 60 days) after release from imprisonment. The court will set the payment plan based on an assessment of the defendant's ability to pay at that time; or

**F**  ☐  Special instructions regarding the payment of criminal monetary penalties:

Unless the court has expressly ordered otherwise, if this judgment imposes imprisonment, payment of criminal monetary penalties is due during the period of imprisonment. All criminal monetary penalties, except those payments made through the Federal Bureau of Prisons' Inmate Financial Responsibility Program, are made to the clerk of the court.

The defendant shall receive credit for all payments previously made toward any criminal monetary penalties imposed.

☐  Joint and Several

Defendant and Co-Defendant Names and Case Numbers (including defendant number), Total Amount, Joint and Several Amount, and corresponding payee, if appropriate.

☐  The defendant shall pay the cost of prosecution.

☐  The defendant shall pay the following court cost(s):

☐  The defendant shall forfeit the defendant's interest in the following property to the United States:

Payments shall be applied in the following order: (1) assessment, (2) restitution principal, (3) restitution interest, (4) fine principal, (5) fine interest, (6) community restitution, (7) JVTA assessment, (8) penalties, and (9) costs, including cost of prosecution and court costs.